# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **ERIC GORDON,** : | |
| **MARQUINN JONES** : | |
|     **Plaintiffs,** : | |
| : | |
| vs. : | **7:05-CV-55(HL)** |
| : | |
| **DONALD BARROW,** : | |
| **TED PHILBIN,** : | |
| **CAREY BARNES,** : | |
| **SERGEANT JOHNSON,** : | |
| : | **PROCEEDINGS UNDER 42 U.S.C. § 1983** |
|     **Defendants.** : | **BEFORE THE U.S. MAGISTRATE JUDGE** |

_____

## **RECOMMENDATION**

Plaintiff, **ERIC GORDON**, an inmate at Valdosta State Prison, filed the above-styled *pro se* civil rights complaint under 42 U.S.C. § 1983. Although plaintiff names Marquinn Jones as a plaintiff [1] it does not appear that plaintiff is proceeding on behalf of Marquinn Jones rather, the court construes plaintiff as having filed this complaint on behalf of himself. Plaintiff requests that this court allow him to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915. As it appears plaintiff is unable to pay the cost of commencing this action his request to proceed *in forma pauperis* is **GRANTED**.

## *I. STANDARD OF REVIEW*

Notwithstanding any filing fee or portion thereof that might have been paid, the court is required to review prisoner complaints with a view toward dismissing the complaint or any portions

---

[1] The plaintiff and Marquinn Jones have previously filed a joint complaint. Plaintiff Jones stated in that complaint that plaintiff Gordon stated in writing that he wanted to be a part of Jones' lawsuit. *See **Jones et al., v. Barrow, et al.***, 7:05-CV-41 (HL) May 17, 2005.

thereof if the complaint: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 28 U.S.C. 1915A, 1915(e)(2).

An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the court must dismiss a complaint "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

## II. PLAINTIFF'S CLAIM

Plaintiff alleges in the complaint that he was placed in a protective custody cell that already housed another inmate who was in protective custody. Plaintiff states that he complained to the officer placing him in the cell to no avail. Plaintiff alleges that he immediately filed an informal grievance to which he did not receive a response. Plaintiff states that he filed a second grievance that has not been answered. Plaintiff contends that defendants' failure to respond to his grievances is keeping him from exercising his constitutional rights.

Plaintiff asserts that he should not have been placed in the cell with the other inmate because they were both classified as level three which plaintiff explains deems them "mentally unstable." Plaintiff alleges that he and the other inmate were in a position where they could have hurt one another. Plaintiff seeks nine hundred thousand dollars ($900,000.00) in damages from the defendants for putting him at risk of harm.

## III. DISCUSSION

Plaintiff's allegation that defendants' failure to respond to his grievances does not rise to the level of a violation of his constitutional rights. There is no constitutional requirement to an inmate grievance system. ***See Azeez v. DeRobertis***, 568 F. Supp. 8 (N.D. Ill. 1982); ***Buckley v. Barlow***, 997 F.2d 494, 495 (8th Cir. 1993); ***Meadows v. Gibson***, 855 F. Supp. 223, 225 (W.D. Tenn. 1994). If a state prison system does provide a mechanism, violations of its provisions do not deprive prisoners of federal constitutional rights. Consequently, the failure of defendants to follow the grievance mechanism does not in itself give rise to a § 1983 claim. ***Doans v. Rice***, 831 F.2d 1057 (4th Cir. 1987).

Plaintiff also seeks damages for what he alleges was defendants' negligent placement which, according to plaintiff put him at risk of harm. Under the law of this circuit, prison officials can be liable for exhibiting deliberate indifference to a known danger. ***Brown v. Hughes***, 894 F.2d 1533, 1537 (11th Cir. 1990). However, the known risk of injury must have been a strong likelihood, rather than a mere possibility, before an official's failure to act can constitute deliberate indifference. ***Edwards v. Gilbert***, 867 F.2d 1271, 1276 (11th Cir. 1989). ***See also Farmer v. Brennan***, 511 U.S. 825, 114 S. Ct. 1970, 1977-79; 128 L.Ed.2d 811 (1994)(for a claim based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm; to be liable, the prison official must know of and disregard an excessive risk to inmate health or safety).

In 1996 Congress enacted the Prison Litigation Reform Act ("PLRA") in an effort to stem the flood of prisoner lawsuits in Federal Court. ***Harris v. Garner,*** 216 F.3d 970, 971 (11th Cir. 2000). 42 U.S.C. § 1997e(e) is part of the PLRA and states,

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

In this complaint the plaintiff has alleged absolutely no physical injury, thus his claim is also barred by the PLRA.

While plaintiff may have claims against the defendants under another provision of state or federal law, his claims as set forth in the complaint do not rise to the level of a constitutional denial or deprivation of rights, privileges or immunities as contemplated by 42 U.S.C. § 1983. He has alleged no physical injury in relation to his claim, with his main complaint being that he was placed in danger and the *possibility* of serious injury by conditions in the protective custody cell. Therefore, the plaintiff's claim against the defendants is not cognizable and must be dismissed.

## IV. CONCLUSION

The undersigned **RECOMMENDS** that the within complaint be **DISMISSED** in accordance with the provisions of 28 U.S.C. §1915.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this **RECOMMENDATION** with United States District Judge to whom this case is assigned by filing the same in writing with the Clerk **WITHIN TEN (10) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 21st day of July, 2005.

/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

mh